## No. 2844.

### M. N. RADOWITCH *v.* A. H. SIEWERD and als.

Where it was established that the plaintiff, master of a boat, was authorized by his employer the captain of the boat, to collect freight bills of a certain amount which he held, with the understanding that said plaintiff accepted said amount of bills in settlement of his wages amounting to four hundred and sixteen dollars and fifteen cents, and advances to his employer amounting to two thousand dollars, and that said employer or the boat would make the amount of the bills good, if they could not be collected, and where it was admitted that plaintiff collected one thousand and thirty-eight dollars and thirty-five cents ;

Held—That of the sum thus collected there should have been imputed the amount due for the payment of plaintiff's wages, as the privileged claim.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *Bentinck Egan,* for plaintiff and appellee. *Albert Voorhies,* for defendants and appellants.

TALIAFERRO, J. The plaintiff sued the defendants, Siewerd & Kip, *in solido,* for seven hundred dollars, being, as he alleges, for wages due him as master of the steamer A. G. Brown, owned by the defendants. These services he alleges were rendered from the twenty-first of October, 1868, to the twenty-ninth of December of the same year, when he was discharged by the defendants without good cause. He claimed a lien and privilege on the boat and caused her to be sequestered.

A judgment by default was entered against Kip, which was made final on the twentieth of February, 1869. A *fi. fa.* was issued against Kip, which was returned *nulla bona.* To the petition sued on Siewerd the defendants answered on the twenty-sixth of January, 1870. But on the sixth of March, 1869, after the default judgment was made final against Kip on the twentieth of February, 1869, both defendants filed a suit in the Seventh District Court to annul that judgment. On the third of April following they filed a supplemental petition for an injunction to restrain execution from issuing against them.

This contestation went on until the twenty-first of January, 1870, when judgment was rendered annulling the judgment of twentieth of February, 1869, against Kip ; but the decree restored and reinstated the proceedings in that case to the status they were in on the eighteenth of January, 1869, carrying things back to a period anterior to the time of the final judgment against Kip, thenceforth to be proceeded with according to law and the rights of the parties.

The defendants answered in the original suit, as we have seen, on

the twenty-sixth January, 1869, denying the allegations of the plaintiff, and specially alleging that the plaintiff's services, as master of the " A. G. Brown," were rendered to Captain Bassett, who had previously chartered the boat, to the knowledge of the plaintiff; that plaintiff and Bassett had entered into partnership in running the boat, and that the plaintiff had contracted with Bassett to render the services he claims to have rendered. They deny that they ever assumed to pay this debt due by Bassett, or that they are in any manner bound for it. There was judgment for the plaintiff for the sum of $465, and the defendants have appealed. We find the facts to be that Bassett chartered the " A. G. Brown " on the twenty-fourth January, 1868, for one year, to run from the first of February, 1868, to the first of February, 1869. On the twenty-sixth of October, 1868, Bassett and the plaintiff, Radowitch, entered into a contract containing various stipulations, among them, one by which Bassett bound himself to employ Radowitch as master of the steamer, and to pay him for his services in that capacity the sum of two hundred and fifty dollars per month, to the first of February, 1869. . About the first of January, 1869, the A. G. Brown, by collision with another steamer, went down, and proved a total loss. On the eighteenth of January, 1869, a settlement was made between Bassett and Radowitch. The latter, upon entering into the contract with Bassett, to which we have adverted, loaned the latter $2000. The sum of $464 15 was fixed as the amount of wages due the plaintiff. It was arranged that Radowitch should take for collection, to pay himself, fifty-seven freight bills due the boat. The written act of the parties in relation to this matter is in these words :

"NEW ORLEANS, January 18, 1869.

"I hereby authorize Captain M. N. Radowitch to collect freight bills which he holds, to the amount of twenty-four hundred and sixty-four dollars and fifteen cents, of the steamer A. G. Brown ; the condition of this receipt is, that Captain Radowitch accepts the above amount in bills in settlement of wages and advances to Captain Bassett on steamer A. G. Brown. It is also understood that any errors or bills that are not collectable in above amount, said Bassett will make good, or steamboat A. G. Brown.

"(Signed)     A. P. KIP,       W. S. BASSETT.
                O. CANTON,      M. N. RADOWITCH."

It is important in adjusting this controversy to ascertain the preponderance of testimony in regard to the true intention of the parties in making this settlement and as to the manner its terms were carried out.

A considerable amount of testimony was taken regarding the value and availability of this lot of freight bills. Radowitch presented a tabular statement of the amounts he collected and of the amounts not paid. He is very clear and direct in his testimony that he collected

all that could be collected out of the entire number of bills he received and gives the total collected at $1038 35. He is equally distinct in asserting and reiterating that he was to credit what he collected, and any deficiency that might arise was to be made good to him.

The defendants, Siewerd & Kip, contend that the wages were to be paid by Bassett, and that they were in no manner bound for them. How they became bound unless it be by certain admissions we shall presently consider, we have been at a loss to ascertain. The boat it seems went into the possession and control of Bassett under the charter party about the first of February, 1868. Radowitch had nothing to do with the boat until the twenty-sixth of October following, and by the written agreement between him and Bassett the latter was to pay his wages.

Yet Radowitch sues Siewred & Kip for the wages and for the time he had charge of the boat for Bassett, or rather on joint account. In his own evidence in the original suit against the defendants he does not say that they employed him, nor that they discharged him. Neither does his witness, Dockter, say anything on the subject. His allegations that the defendants employed him and discharged him are not made good by proof. In his reasons for refusing a new trial, the judge a quo seemed to think that by the contract entered into on the twenty-sixth of October, 1868, between Radowitch and Bassett, the defendants became not only proxies but parties to that contract, and made themselves co-obligees with Bassett. By examining the contract of the twenty-sixth of October, 1868, between Radowitch and Bassett, it appears that Siewerd & Kip intervened, but it seems they intervened only to bind themselves to sell the steamer to Radowitch on the same terms they had bound themselves by the charter party to sell to Bassett, if the latter should not conclude to buy and the former did. Bassett in his contract with Radowitch was to turn over to him the option or preference to purchase if he himself declined, and Radowitch chose to purchase, Siewerd & Kip intervening to bind themselves to sell to Radowitch on the same terms they were bound to sell to Bassett. We do not construe this intervention as going any further, or to extend to any other matter.

In their suit to annul the judgment of the twentieth February, 1869, the defendants make the following statements, which are sworn to:

"Your petitioners aver that on the nineteenth of January, 1869, a settlement and compromise was made between the said Radowitch and William S. Basset in behalf of petitioners, by which it was agreed that the above mentioned suit would be discontinued by the plaintiff therein; that the consideration of said compromise was the transfer for collection of fifty-seven bills or accounts, due by divers parties to the said William S. Bassett, for the aggregate sum of $2464 15, as will

Radowitch v. Siewerd and als.

more fully appear by reference to the annexed list, made a part of this. petition; that said Radowitch has proceeded with the collection of said claims, and has actually collected an amount more than sufficient to pay the claim due him by petitioners, which claim, instead of being. the sum of $700, was liquidated to the amount of $464 15."

It is strenuously urged on the part of the plaintiff that these declarations of the defendants amount to judicial confessions which ought to conclude the plaintiff. Taking into view all the facts elicited by the evidence, we are not inclined to consider these declarations in that light. It seems clear to us that there existed no personal obligation on the part of the defendants to pay the plaintiff's claim for wages. For the amount of these wages he had a lien and privilege on the steamer, which he might have enforced had she not been lost. We can take the defendants' declarations in no other sense than as importing a liability upon their boat, arising from the lien of the captain for his services. Of the sum collected by him, $1038 35, the amount due the plaintiff ($416 15) for wages, should have been imputed to the payment of the privileged claim.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the defendants, the plaintiff. and appellee paying costs in both courts.

Rehearing refused.